

FILED

AUG 1 0 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HUMBERTO GARCIA-LOPEZ, | ) |
| Petitioner, | ) Cr. No. 09-2001GT |
| | ) Cv. No. 10-0894GT |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

On April 27, 2010, Petitioner, Carlos Humberto Garcia-Lopez ("Mr. Garcia"), filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Garcia argues that his counsel was ineffective for a variety of reasons. Mr. Garcia also requests a two level downward departure based on his status as a deportable alien, which Mr. Garcia asserts "should have been considered as a mitigating factor" at his sentencing. The Court has fully considered this matter, including a review of Mr. Garcia's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Garcia's Motion to Modify Sentence is **DENIED**.

First, Mr. Garcia pled guilty, pursuant to a written plea agreement, to one count of Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea

agreement, Mr. Garcia explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Garcia expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Garcia is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable). Notably, in the written plea agreement, Mr. Garcia also agreed to a +16 enhancement for a crime of violence for his prior conviction.

Moreover, even if Mr. Garcia had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Garcia argues that his counsel was ineffective for a variety of reasons. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Mr. Garcia has made no showing that he would have gone to trial but for the errors of his counsel. Additionally, in his written plea agreement, Mr. Garcia agreed to the +16 for the crime of violence. His counsel was bound by the plea agreement and could not argue against it before the Court.

Mr. Garcia also argues that because of his status as a deportable alien, he is "ineligible[] for pre-release custody and minimum security confinement." Mr. Garcia argues that the Court should grant him a two level downward departure because of his status. However, Mr. Garcia's argument that the Court should depart downward because he is a deportable alien is precluded by statute and current Ninth Circuit case law. By statute, the Court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Specifically, the Ninth Circuit has held that the threat of deportation is <u>not</u> a factor that the district court may consider for sentencing purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990). Accordingly,

// 

// 

**IT IS ORDERED** that Mr. Garcia's Motion to Modify Sentence is **DENIED.**

**IT IS SO ORDERED.**

8-10-11
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter

3

09CR2001